**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

LUIS PENARANDA JAYA,

Plaintiff,

-against-

RC TRUCK EQUIPMENT MANUFACTURING & REPAIR CORP. and RICARDO CASAS,

Defendants.

-----------------------------------------------------------X

**Civil Action No.:**

**COMPLAINT**

Plaintiff, LUIS PENARANDA JAYA ("Plaintiff"), as and for his Complaint against Defendants, RC TRUCK EQUIPMENT MANUFACTURING & REPAIR CORP. ("RC Truck Equipment") and RICARDO CASAS ("Casas") (collectively, "Defendants"), respectfully alleges as follows:

**NATURE OF THE ACTION**

1. Upon information and belief, Defendants own and operate RC Truck Equipment, a truck repair service company located in Ronkonkoma, New York.

2. Plaintiff worked for Defendants as a welder.

3. Plaintiff brings this lawsuit to recover unpaid overtime and other relief related to his employment with Defendants.

**JURISDICTION AND VENUE**

4. Plaintiff brings this action under the FLSA, 29 U.S.C. §§ 201 *et seq.*, and NYLL, Articles 6 and 19, and their respective attendant regulations.

5. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

7. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

8. Plaintiff is a male adult currently residing in the State of New York.

9. Casas is a male adult, who, upon information and belief, is currently residing in the State of New York.

10. RC Truck Equipment is a domestic business corporation duly organized and existing under the laws of the State of New York.

## FACTUAL ALLEGATIONS

### Defendant RC Truck Equipment Manufacturing & Repair Corp.

11. RC Truck Equipment maintains a principal place of business located at 1786 Louis Kossuth Ave, Ronkonkoma, NY 11779.

12. RC Truck Equipment operates a factory located at 1786 Louis Kossuth Ave, Ronkonkoma, NY 11779, where Plaintiff reported to work.

13. At all times relevant to this Complaint, RC Truck Equipment had employees engaged in commerce or in the production of goods and services for commerce.

14. At all times relevant to this Complaint, RC Truck Equipment had employees who handled, sold, or otherwise worked on goods or materials that have been moved in or were produced for interstate commerce.

15. At all times relevant to this Complaint, RC Truck Equipment had an annual gross volume of sales of not less than $500,000.00 for each applicable year of Plaintiff's employment.

16. During Plaintiff's employment, RC Truck Equipment had control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices.

17. At all times relevant to this Complaint, RC Truck Equipment was a covered employer within the meaning of the FLSA and NYLL and, at all times relevant to this Complaint, employed Plaintiff.

**Defendant Ricardo Casas**

18. Upon information and belief, Casas was and continues to be a shareholder, owner, officer, director, principle, and/or managing agent of RC Truck Equipment.

19. At all relevant times to this Complaint, Casas participated in running the daily operations of RC Truck Equipment.

20. Upon information and belief, at all relevant times, Casas participated in the management and supervision of Plaintiff and his work for RC Truck Equipment.

21. Upon information and belief, at all relevant times, Casas exercised operational control over RC Truck Equipment, controlled significant business functions of RC Truck Equipment, determined employee salaries, made hiring decisions, and acted on behalf of and in the interests of RC Truck Equipment in devising, directing, implementing, and supervising the wage and hour practices and policies relating to its employees, including Plaintiff.

22. At all times relevant to this Complaint, Casas determined the wages and compensation of RC Truck Equipment's employees, established the schedules of its employees, maintained its employee records, and had the authority to hire its employees, including as such practices applied to Plaintiff.

23. Casas participated in the decision to hire Plaintiff.

24. Casas participated in the decision to fire Plaintiff.

25. Casas participated in deciding the job duties that Plaintiff performed.

26. Casas participated in directing Plaintiff's job duties and responsibilities.

27. Casas participated in the supervision of Plaintiff's job duties and responsibilities.

28. Casas participated in deciding the compensation Plaintiff was paid.

29. Casas participated in deciding the manner in which Plaintiff was paid.

30. Casas was responsible for ensuring Plaintiff was paid properly.

31. Casas participated in deciding the schedule Plaintiff worked.

32. Casas participated in deciding the total number of hours Plaintiff worked each week.

33. At all times relevant to this Complaint, Casas was an employer within the meaning of the FSLA and the NYLL.

**Defendants Constitute Joint Employers**

34. Upon information and belief, Casas owns, operates, and/or controls RC Truck Equipment.

35. Upon information and belief, Casas possesses operational control over RC Truck Equipment, possesses an ownership interest in RC Truck Equipment, and controls significant functions of RC Truck Equipment.

36. Casas and the Corporate Defendant are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

37. Defendants possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, referred to herein.

38. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

39. Defendants jointly employed Plaintiff and are Plaintiff's joint employers within the meaning of the FLSA and the NYLL.

**Plaintiff Luis Penaranda Jaya**

40. At all times relevant to this Complaint, Plaintiff was an employee of Defendants, as defined by the FLSA and the NYLL.

41. Defendants employed Plaintiff as a welder for their benefit and at their direction.

42. Defendants employed Plaintiff from in or about October 1, 2024 until in or about September 18, 2026.

43. During Plaintiff's employment, Defendants required him to punch in or out of his daily shifts.

44. Therefore, upon information and belief, Defendants kept and maintained time records for the shifts Plaintiff worked each day.

45. With the exception of the last three (3) months of his employment, Plaintiff worked six (6) days per week, with Sunday as his day off.

46. During this time, Plaintiff worked Monday through Friday from about 8:00 a.m. until about 5:00 p.m., with a thirty (30) minute lunch break, and Saturday from about 6:00 a.m. to about 11:00 a.m.

47. During this time, Plaintiff worked forty-seven and one-half (47.5) hours per week.

48. During the last three (3) months of his employment, Plaintiff worked five (5) days per week, with Saturday and Sunday as his days off.

49. During this time, Plaintiff worked Monday through Friday from about 8:00 a.m. until about 5:00 p.m., with a thirty (30) minute lunch break.

50. During this time, Plaintiff worked forty-two and one-half (42.5) hours per week.

51. During Plaintiff's employment, Defendants paid him an hourly rate of pay.

52. During Plaintiff's employment, Defendants never paid him overtime compensation for any hours worked in excess of forty (40) each week.

53. During Plaintiff's employment, Defendants never paid him one and one-half times his regular rate for all hours worked in excess of forty (40) each week.

54. Defendants did not provide Plaintiff with a complete and accurate wage notice when he was hired, or at any time thereafter, as required by NYLL § 195(1).

55. Defendants did not provide Plaintiff with complete and accurate paystubs along with his weekly earnings, as required by NYLL § 195(3).

56. Upon information and belief, Defendants were aware of Plaintiff's work hours but failed to pay him proper wages to which he was entitled under the law.

57. Because Defendants did not provide Plaintiff with a wage notice and complete and accurate paystubs, Plaintiff was kept in the dark about how much he should have been paid.

58. Had Plaintiff received accurate notices and statements, they would have indicated that he was legally entitled to a time and a half of his hourly rate for all overtime hours. Plaintiff would have compared those amounts to the amounts he actually received, and he would have been able to question and confront his employer as to why he was receiving less than he was legally entitled.

59. Because Plaintiff was not provided legally accurate notices and statements, Defendants were able to conceal these wage violations.

60. Had Defendants provided Plaintiff with such wage notices and statements, he would have advocated for himself, consulted an attorney, and brought this lawsuit much earlier to enforce his rights under state and federal law.

61. Because Defendants did not provide Plaintiff with complete and accurate paystubs, Plaintiff could not rectify the situation, which resulted in his underpayment of wages.

62. As a result of Defendants' failure to provide the required paystubs, Plaintiff has incurred tangible, downstream harm.

63. Upon information and belief, Defendants were aware of Plaintiff's work hours but failed to pay him proper wages to which he was entitled under the law.

64. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights.

65. Plaintiff has been damaged by such failures in an amount to be determined at trial, including, without limitation, unpaid overtime and spread of hours compensation, unpaid minimum wages, liquidated damages, statutory damages, interest, and attorneys' fees and costs.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ.***
**FAILURE TO COMPENSATE FOR OVERTIME**

66. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

67. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

68. Defendants are subject to the overtime pay requirements of the FLSA because RC Truck Equipment is an enterprise engaged in commerce or engaged in the production of goods for commerce.

69. At all times relevant to this Complaint, RC Truck Equipment had two (2) or more employees who handled goods or materials that have moved in interstate commerce, including Plaintiff.

70. Upon information and belief, the gross annual volume of sales made or business done by RC Truck Equipment in each applicable year was not less than $500,000.00.

71. Defendants were and are subject to the overtime pay requirements of the FLSA because Plaintiff was individually engaged in interstate commerce.

72. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

73. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

74. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

75. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

76. However, none of the Section 13 exemptions apply to Plaintiff because he did not meet the requirements for coverage under the exemptions during his employment.

77. Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for whether their conduct violated the FLSA.

78. Defendants did not act in good faith with respect to the conduct alleged herein.

79. As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLES 6 AND 19**
**FAILURE TO PAY OVERTIME**

80. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

81. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

82. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

83. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the NYLL.

84. Plaintiff was not exempt from the overtime provisions of the NYLL because he did not meet the requirements for any of the exemptions available under New York law.

85. Defendants have acted willfully and have either known that their conduct violated the NYLL or have shown a reckless disregard for whether their conduct violated the NYLL.

86. Defendants have not acted in good faith with respect to the conduct alleged herein.

87. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

88. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

89. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including upon hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which was to contain, among other things, the rate or rates of pay and basis thereof; the regular pay day designated by Defendants as an employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the regular hourly rates of pay and overtime rates of pay.

90. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

91. As a result of Defendants' failure to provide Plaintiff with wage notices, Plaintiff suffered a concrete injury; specifically, Plaintiff worked for approximately two (2) years without knowledge of his overtime rate, which resulted in his underpayment of wages.

92. Had Defendants complied with the law, Plaintiff would not have suffered this injury because he would have either quit or would have made a complaint or otherwise acted to rectify the situation.

93. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

**COUNT IV**
**VIOLATION OF NEW YORK LABOR LAW**
**SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

94. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

95. Defendants willfully failed to provide Plaintiff with accurate written wage statements each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

96. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

97. As a result of Defendants' failure to provide Plaintiff with wage statements, Plaintiff suffered a concrete injury; specifically, Plaintiff worked for approximately two (2) years without

knowledge of his overtime rate and hours worked per week, which resulted in his underpayment of wages.

98. Had Defendants complied with the law, Plaintiff would not have suffered this injury because he would have made a complaint or otherwise acted to rectify the situation.

99. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, along with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, THE NHG LAW GROUP, P.C., demands judgment against Defendants, jointly and severally, and in favor of Plaintiff for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

   1. Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

   2. Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation;

   3. Willfully violated the provisions of the NYLL by failing to provide Plaintiff with complete and accurate written wage notices and wage statements;

B. Award compensatory damages, including all unpaid wages owed, in an amount according to proof;

C. Award liquidated damages under the NYLL or, in the alternative, the FLSA;

D. Award statutory penalties for Defendants' NYLL Section 195 record-keeping violations;

E. Award interest on all unpaid wages due accruing from the date such amounts were due;

F. Award all costs and attorneys' fees incurred in prosecuting this action; and

G. Award an automatic fifteen percent (15%) increase with respect to any damages not paid within the later of ninety (90) days following the issuance of judgment or the expiration of the time to appeal pursuant to the NYLL; and

H. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
November 23, 2026

THE NHG LAW GROUP, P.C.

By: Victoria Spagnolo, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
vspagnolo@nhglaw.com